# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS OTT,<br><br>       Plaintiff,<br><br>vs.<br><br>WORLDMARK, THE CLUB, et al.,<br><br>       Defendants. | Case No. 2:11-cv-01779-KJD-PAL<br><br>**ORDER** |

  The court conducted a status and scheduling hearing on the parties' proposed Stipulation and Order to Extend Discovery Deadlines (First Request) (Dkt. #23) on February 28, 2012. Molly Pitluck appeared on behalf of the Plaintiff. Kevin Smith and Nathan Higley appeared on behalf of the Defendants.

  The Complaint in this case was filed in state court and removed (Dkt. #1) November 4, 2011. Plaintiff filed an Amended Complaint (Dkt. 9) November 28, 2011. The Defendants responded by filing a Motion to Strike (Dkt. #12) because Plaintiff did not seek leave of court to file the amended complaint. Plaintiff filed a Counter Motion for Leave to Amend to Add Shawn Timmons (Dkt. #17) as an additional Defendant in this case. Defendants argue that adding Timmons will destroy diversity jurisdiction. Plaintiff claims Timmons is a Nevada resident and allowing the amendment will not destroy diversity jurisdiction.

  The parties initially submitted a Proposed Discovery Plan and Scheduling Order (Dkt. #13) which requested a December 19, 2012, discovery cutoff, or more than twice the amount of time deemed presumptively reasonable by LR 26-1(e) to complete discovery. The parties did not support their request for additional time with a statement of reasons why longer or different time periods should apply, or any reason why the additional time is required. The court therefore denied the parties'

proposed stipulated discovery plan and scheduling order and entered a standard discovery plan and scheduling order giving the parties 180 days, measured from the date of removal, in which to complete discovery. The discovery cutoff is currently May 7, 2012.

In the current stipulation, the parties seek a 120-day extension of the discovery plan and scheduling order deadlines. The stipulation does not comply with the requirements of LR 26-4. Rather, counsel states that they have been discussing potential settlement or mediation for some time, and will be unable to mediate prior to March 2012. Additionally, Defendants gave Plaintiff a 30-day extension of time to respond to written discovery and will not receive discovery documents in sufficient time to prepare their experts. Finally, Defendants believe that obtaining documents from Plaintiff's out-of-state heath care providers "will involve an exceptional delay". Based on these representations, the parties seek an extension of all the discovery plan and scheduling order deadlines.

At the hearing, the court canvassed counsel about whether they had reached an agreement to mediate this case. Counsel for Plaintiff indicated that her client lives in the state of Washington, and will be unavailable for a mediation until the end of March 2012. However, Plaintiff has not yet decided whether he will agree to mediate. Plaintiff's counsel has discussed three or four names of potential mediators with opposing counsel, but neither side has selected a mediator or established a date for mediation.

The parties conducted a telephonic Rule 26(f) conference and made their initial disclosures. However, very little discovery has been conducted to date. Defendants served written discovery requests on Plaintiff February 7, 2012, and have given Plaintiff an extension until April 9, 2012, to serve responses. Plaintiff intends to serve the Defendants with written discovery requests, including interrogatories, request for production of documents, and requests for admissions. Plaintiff may also serve a non-party police department with a subpoena duces tecum to obtain the police report involved in this incident, and may take the depositions of two eye-witnesses. Plaintiff does not intend to designate any experts, but will rely on opinion testimony of Plaintiff's treating physicians. Counsel for Plaintiff requested all of the medical records from the five health care providers from whom Plaintiff received treatment for injuries related to this complaint. Two of the providers have provided medical records, but Plaintiff is still waiting for responses from the remaining three.

1  The Defendants requested that Plaintiff sign HIPPA-compliant medical authorization releases in written discovery served on February 7, 2012, and intend to obtain Plaintiff's medical records directly from the health care providers. Defense counsel will also explore Plaintiff's medical history to determine whether some or all of the injuries Plaintiff complains about in this case are pre-existing. Defendants intend to take the Plaintiff's deposition and the depositions of at least two of the Plaintiff's medical providers, the psychologist and orthopaedic surgeon Plaintiff has seen. Plaintiff may also depose up to three eye-witnesses involved in the incident in this case. Defense counsel does not anticipate requesting an independent medical examination, but will probably designate experts in the field of orthopaedic surgery and psychology.

Having reviewed and considered the matter, the court will not approve the parties' proposed stipulation to extend the discovery plan and scheduling order deadlines. It is evident given the lack of progress made in discovery to date, that the parties are unlikely to meet even the extended deadlines requested. The court directed counsel to determine within the next two weeks whether they would agree to mediation, and if so, to select a mediator and set a date for mediation. The court will continue this matter for a status and scheduling conference and address any requests for an adjustment of the discovery plan and scheduling order deadlines once the parties have determined whether this matter will be mediated within a reasonable period of time.

**IT IS ORDERED** that:

1. The parties proposed Stipulation and Order (Dkt. #23) is **NOT APPROVED** and is **DENIED**.
2. A status and scheduling conference is set for **Monday, March 12, 2012, at 8:45 a.m.** At the hearing, the court will address any request for an adjustment of the discovery plan and scheduling order deadlines after hearing from the parties concerning whether they have agreed to mediate, and if so, whether they have selected a mediator and established a date for the mediation.

Dated this 2nd day of March, 2012.

_____
Peggy A. Leen
United States Magistrate Judge